UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRAZINA E. CIEPLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITIGROUP, INC., THE CITIGROUP PENSION PLAN, THE PLANS ADMINISTRATION COMMITTEE OF CITIGROUP INC., and WILLIS TOWERS WATSON, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES, the Plaintiff, GRAZINA E. CIEPLY, by and through her attorneys, ANTHONY J. PERAICA & ASSOCIATES, LTD., and complains against the Defendants, Citigroup, Inc., The Citigroup Pension Plan, The Plans Administration Committee of Citigroup Inc., and Willis Towers Watson, and states as follows:

1. Plaintiff, Grazina E. Cieply (hereinafter "Plaintiff" or "Cieply"), brings this action to compel payment of retirement benefits under the Citigroup Pension Plan ("Plan") pursuant to the Employer Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq. Cieply has been retired from her employment with Citibank and her retirement benefits have been delayed in coming. Despite requesting her retirement benefits, payments have been delayed and Cieply has not been compensation for several months in which she should have been receiving benefits.

2. Cieply is a citizen and resident of the City of Riverside, County of Cook, State of Illinois.

3. Cieply has been a participant in the Plan based upon her employment with Citigroup.

4. Citigroup Inc. ("Citigroup") is the sponsor of the "The Citigroup Pension Plan" made the subject of this lawsuit. Citigroup was involuntarily dissolved and is not currently licensed to do business in the state of Illinois. Upon information and belief, Citigroup is a Delaware corporation with its headquarters and principle place of business at 399 Park Avenue, New York, New York 10043.

5. Citigroup established the Plan to provide retirement benefits to eligible employees, including Cieply. The effective date of the Citigroup Pension Plan is July 1, 1959.

6. Defendant Citigroup Pension Plan is a "defined benefit plan" within the meaning of ERISA §3(35), 29 U.S.C.§1002(35). The Plan is subject to the requirements of Title I of ERISA and the Internal Revenue Code.

7. Defendant Citigroup is the "plan sponsor" of the Plan within the meaning of ERISA §3(16)(b), 29 U.S.C. §10002(16)(B).

8. The Plans Administration Committee of Citigroup, Inc. ("Committee") serves as the Plan Administrator and is responsible for the operation and administration of the Plan. Upon information and belief, Committee is a Delaware corporation with its headquarters and principle place of business at One Court Square, Long Island City, New York 11120. Committee is the "administrator" of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A).

9. Upon information and belief, Defendant Willis Towers Watson is also a Plan Administrator of the Citgroup Pension Plan. Willis Towers Watson is an international corporation that is founded in Ireland and headquartered in London, England but has a United States domicile in Arlington, Virginia. Documents filed with the United States Department of Labor indicate that the Plan Administrator Willis Towers Watson is located at Centre Square

East, 1500 Market Street, Philadelphia, PA 19102. Defendant Willis Towers Watson is an "administrator" of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C. §1002(16)(A).

10. Effective December 31, 1998, the Retirement Plan of Citibank, N.A. and Participating Companies was merged into The Travelers Group Pension Plan and the name of the Plan was changed to The Citigroup Pension Plan. Several other mergers with the Citigroup Pension Plan have occurred after 1998.

11. This complaint for retirement benefits and statutory penalties under ERISA invoke the subject matter jurisdiction of this Court, pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1331.

12. Venue is proper in this district pursuant to 29 U.S.C. §1132 as the plaintiff was employed in, resides in and the breach occurred within this district.

13. Cieply was a participate in the Plan by virtue of her employment with Citibank N.A.

14. Cieply began her employment with Citibank N.A. on or about September 26, 1976.

15. Cieply continued to be employed by Citibank until her retirement on May 3, 2015.

16. Plaintiff commenced participation in the Plan in or about 1976, and she continues to participate in the Plan today. Plaintiff is a "participant" in the Plan within the meaning of ERISA §3(7), 29 U.S.C. §102(7).

17. Prior to January 1, 2000, participants in the Plan, including Plaintiff, accrued annual benefits equal to 2% of their "average annual compensation," with an offset for a portion of the participant's Social Security benefit. The Plan defined average annual compensation as the average of a participant's five highest years of compensation during the participant's final 10 years of employment. Citigroup refers to this as the benefit under the "Citigroup Final Average Pay Plan." (The benefit earned through 1999 is hereinafter referred to as the "Final Average Pay Benefit.")

18. Effective as of January 1, 2000, Citigroup enacted the January 1, 2000 Plan Amendment, which amended the Plan to freeze the Final Average Pay Benefit for certain participants, so that such participants receive a Final Pay Benefit calculated as if they left Citigroup on the last day of 1999. Other participants continued to accrue benefits under the Final Average Pay formula.

19. The January 1, 2000 Plan Amendment also creates a new benefit formula for years beginning on or after January 1, 2000, which applies to Plaintiff. This amendment resulted in a partial termination of the Plan and increases the potential that Citigroup will receive a reversion on termination of the Plan.

20. Under the new formula, and the revisions in the formula that resulted in the 2002 Amendment, each participant in the Plan annually accrues a retirement annuity benefit with a present value equal to hypothetical cash balance pay credits for the year plus compound interest through the date that the participant begins to receive benefits. (The benefit accrued for years beginning on or after January 1, 2000, is hereinafter referred to as the "Cash Balance Benefit.")

21. At retirement, an employee who participated in the Plan before and after January 1, 2000, receives a retirement benefit equal to the sum of the frozen Final Average Pay Benefit plus the Cash Balance Benefit. An employee who began participation in the Plan on or after January 1, 2000, receives only the Cash Balance Benefit.

22. In the Plan, the benefit earned in each year is an annuity benefit received at retirement, equal to the pay credit earned each year plus compound interest at an interest rate specified in the Plan. Under the Plan, this interest rate is the interest rate on 30-year Treasury bonds.

23. At retirement, the cash balance account, with pay credits and interest credits through

the date that benefits are to commence, is converted to an annuity benefit using actuarial assumptions specified in the Plan unless the participant and the participant's spouse, if any, consents to a different form of benefit.

24. The Cash Balance Benefit provides a declining rate of accrual based on age, because an older worker who retires at the same age as a younger worker has fewer years to earn interest than the younger worker, and therefore will receive a smaller annuity upon retirement as a result, at least in part, of his or her age.

25. In addition, the Plan Amendment that created the Cash Balance Benefit constituted a partial termination of the Plan that increases a potential reversion to Citigroup, and that fails to treat the benefits accrued through the date of the partial termination as non-forfeitable as required under the terms of the Plan.

26. On May 5, 2015, Cieply turned sixty-five (65) years old.

27. Cieply informed her employer and the Plan Administrator(s) in December 2014 that she would be retiring in May 2015 and to start her retirement benefits as of June 1, 2015.

28. Despite the early notice provided as requested by the Plan Administrator, Cieply did not receive her pension retirement kit until January 20, 2016.

29. On or about February 15, 2016, Cieply provided the Plan representative her option preference over the phone. Cieply selected the lump sum payment with interest. She was advised that authorization forms would be sent to her to sign, but these never arrived.

30. In March 2016, Cieply received the Citigroup Pension Calculation Summary Notice, which she requested in February prior to selecting her pension option. However, the Pension Calculation fails to set forth how the benefits earned by Cieply under the Plan were calculated.

31. On or about April 27, 2016, the Plan representative asked Cieply again what her

preference for pension payments was. She was advised that authorization forms would be sent to her to sign, but these never arrived.

32. On or about April 29, 2016, the Committee and/or Willis Towers Watson mailed out a second Pension Retirement Kit setting forth different options for Cieply to choose from. This mailing indicated that Plaintiff had not yet selected a pension payment option and that it must be completed by a stated date.

33. On July 1, 2016, the Committee and/or Willis Towers Watson paid Cieply $2,218.90 under the Plan.

34. On August 1, 2016, the Committee and/or Willis Towers Watson paid Cieply $1,108.11 under the Plan.

35. Cieply has not been reimbursed for the payments (and interest) she did not receive from June 1, 2015 until May 31, 2016. Furthermore, Cieply is unsure as to whether the amount of the payments are accurate.

## **COUNT I: VIOLATIONS OF ERISA §502(a)(1)(B)**

36. Plaintiff incorporates the allegations 1 through 35 as if stated herein as paragraph 36.

37. Despite repeated requests to the Defendants, Plaintiff has not received the retirement benefits she was entitled to from June 1, 2015 until May 31, 2016.

38. Defendants have been non-responsive to Plaintiff's requests for the back benefits she is entitled to under ERISA §502(a)(1)(B).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for the Plaintiff and against the Defendants as follows:

A. Award judgment for the Plaintiff against the Defendants on the claims asserted, including an amount of money sufficient to satisfy her claims;

 B. Award pre- and post-judgment interest;

 C. Award reasonable attorneys' fees, expert witness fess and other costs;

 D. Award extraordinary, equitable and/or injunctive relief as permitted by law; and

 E. Award such other relief as this Court may deem just and proper.

## COUNT II: VIOLATIONS OF ERISA §204(B), 29 U.S.C. §1054(B)

39. Plaintiff repeats and realleges each and every allegation alleged above.

40. The accrued benefit under a defined benefit plan is the employee's accrued benefit under the plan, expressed in the form of an annuity commencing at normal retirement age.

41. Under ERISA §204(b)(1)(H)(i), 29 U.S.C. §1054(b)(1)(H)(i), it is unlawful for a defined benefit plan to reduce the rate of an employee's benefit accrual because of the attainment of any age.

42. The Plan's benefit formula used to compute Plaintiff's accrued benefit violates the accrual rules contained in ERISA §204(b), 29 U.S.C. §1054(b), because:

  a. Effective as of January 1, 2000, and at all times thereafter, benefits accruing under the terms of the Plan do not satisfy any of the three rules found in subparagraphs (A), (B) or (C) of ERISA §204(b)(1), 29 U.S.C. §1054(b)(1)(A), (B) and (C); and

  b. Effective as of January 1, 2000, and at all times thereafter, benefits accruing under the terms of the Plan accrue at a rate that is reduced because of age or the attainment of any age and therefore the Plan does not comply with the accrual rules of subparagraph (H) of ERISA §204(b)(1), 29 U.S.C. §1054(b)(1)(H).

43. Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff is entitled to a

judgment enjoining the Plan and Citigroup from continuing to violate the foregoing provisions of ERISA and to determine and calculate their benefits in a manner that is consistent with these provisions.

44. Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff is entitled to appropriate equitable relief to redress the Plan's violations of the foregoing provisions of ERISA and to enforce these provisions.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for the Plaintiff and against the Defendants as follows:

- A. Award judgment for the Plaintiff against the Defendants on the claims asserted, including an amount of money sufficient to satisfy her claims;
- B. Award pre- and post-judgment interest;
- C. Award reasonable attorneys' fees, expert witness fess and other costs;
- D. Award extraordinary, equitable and/or injunctive relief as permitted by law; and
- E. Award such other relief as this Court may deem just and proper.

### COUNT III: FOR CLARIFICATION OF FUTURE BENEFITS PURSUANT TO ERISA §502 (A)(1)(b), 29 U.S.C. §1132(a)(1)(B)

45. Plaintiff repeats and re-alleges each and every allegation stated above.

46. Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to a judgment clarifying her rights to receive future benefits from the Plan.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for the Plaintiff and against the Defendants as follows:

- A. Award judgment for the Plaintiff against the Defendants on the claims asserted, including an amount of money sufficient to satisfy her claims;
- B. Award pre- and post-judgment interest;

C. Award reasonable attorneys' fees, expert witness fess and other costs;

D. Award extraordinary, equitable and/or injunctive relief as permitted by law; and

E. Award such other relief as this Court may deem just and proper.

## COUNT IV: FOR A MANDATORY INJUNCTION PURSUANT TO ERISA §502(a)(3), 29 U.S.C. §1132(a)(3)

47. Plaintiff repeats and realleges each and every allegation stated above.

48. The Plan provides that a participant secures a non-forfeitable right to an accrued benefit after five years of service with Citigroup.

49. In accordance with 26 U.S.C. §411(d)(3), the Plan provides that upon a partial plan termination, the rights of all affected employees to benefits accrued through the date of the partial termination shall become non-forfeitable, to the extent funded as of the date of partial termination.

50. A partial termination will occur when a plan amendment reduces the rate of future benefit accruals under the Plan, if it increases or creates a potential reversion to the employer.

51. The January 1, 2000 Plan Amendment, which froze the Final Average Benefit and substituted the Cash Balance Benefit, had the effect of reducing future benefit accruals.

52. The January 1, 2000 Plan Amendment increased a potential reversion to Citigroup.

53. The January 1, 2000 Plan Amendment caused a partial termination of the Plan.

54. The Plan violated its provision requiring that the rights of all employees to benefits accrued through the date of a partial termination shall be non-forfeitable.

55. Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff is entitled to a mandatory injunction ordering Citigroup to comply with the terms of the Plan by declaring a partial termination of the Plan effective January 1, 2000, and treating the accrued benefits of all affected participants, including the Plaintiff, as non-forfeitable.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for the Plaintiff and against the Defendants as follows:

A. Award judgment for the Plaintiff against the Defendants on the claims asserted, including an amount of money sufficient to satisfy her claims;

B. Award pre- and post-judgment interest;

C. Award reasonable attorneys' fees, expert witness fess and other costs;

D. Award extraordinary, equitable and/or injunctive relief as permitted by law; and

E. Award such other relief as this Court may deem just and proper.

Respectfully Submitted,

s/ Anthony J. Peraica

Anthony J. Peraica, ARDC No.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
Attorneys for Plaintiff
5130 South Archer Avenue
Chicago, Illinois 60632
(773) 735-1700
peraicalaw@aol.com